**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                    No. 4:04CR00281-02 JLH

BERTRAM CASE "CASEY" MILLER                                          DEFENDANT

**<u>ORDER</u>**

 Bertram Case "Casey" Miller has filed a motion for production of alleged co-conspirator

statements and for suppression of any statements that fail to meet the criteria of Rule 801(d)(2)(E)

of the Federal Rules of Evidence.  The request for production is governed by 18 U.S.C. § 3500,

commonly known as the Jencks Act.  That statute provides, in pertinent part:

  (a) In any criminal prosecution brought by the United States, no statement
or report in the possession of the United States which was made by a Government
witness or prospective Government witness (other than the defendant) shall be the
subject of subpena, discovery, or inspection until said witness has testified on direct
examination in the trial of the case.

  (b) After a witness called by the United States has testified on direct
examination, the court shall, on motion of the defendant, order the United States to
produce any statement (as hereinafter defined) of the witness in the possession of the
United States which relates to the subject matter as to which the witness has testified.
If the entire contents of any such statement relate to the subject matter of the
testimony of the witness, the court shall order it to be delivered directly to the
defendant for his examination and use.

 Subsection (a) prohibits the Court from ordering the government to produce a statement of

a government witness until the witness has testified on direct examination.  Subsection (b) directs

the Court to order the United States to produce the statement, upon motion of the defendant, after

the witness has testified on direct examination.  Although the Court wholeheartedly agrees with

Miller's argument that early production of the statements would be of great benefit to Miller and

the Court, the Court does not have the authority to order the government to produce those statements at this time.

Because the Court cannot order the government to produce the statements at this time, there is no way for the Court to review the statements to determine whether they are admissible under Rule 801(d)(2)(E).

For these reasons, Bertram Case "Casey" Miller's motion is DENIED.  Document #141.

IT IS SO ORDERED this 11th day of July, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE