IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    No. 4:04CR00281-02 JLH

BERTRAM CASE "CASEY" MILLER                                                         DEFENDANT

### ORDER

Bertram Case "Casey" Miller has filed a final motion for discovery and a motion in limine.

In the final motion for discovery, Miller seeks production of FBI 302 witness statements, FBI field notes, presentence reports of cooperating witnesses, and the personnel file of Casey Miller. Miller's argument with respect to the FBI 302 witness statements and field notes is that many of them are discoverable under the Jencks Act, 18 U.S.C. § 3500, because many of them are "adopted or approved" by witnesses even if not signed by them or constitute "a substantially verbatim recital of an oral statement made by such witness and recorded contemporaneously with the making of such oral statement." The government responds that it has already provided copies of witness statements but that FBI memoranda of interviews prepared for government counsel and FBI field notes are not witnesses' statements and are not discoverable under Rule 16 or the Jencks Act. The government states, "The government's 302 forms were never made, signed, approved, adopted, or even seen by the witnesses in this case." Accepting that statement as true, it does not respond to Miller's argument that some of the 302 forms or field notes may fall within the definition of "statement" in 18 U.S.C. § 3500(e)(2):

> a stenographic, mechanical, electric, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement[.]

The government must confer with the FBI agents who prepared the Form 302s and will ask them whether any of them meet the definition of "statement" quoted verbatim hereinabove. If any FBI Form 302 or field note is a substantially verbatim recital of an oral statement made by a witness and recorded contemporaneously with the making of such oral statement, that Form 302 or field note must be produced in accordance with the other provision of the Jencks Act.

Miller has cited no authority for his request to obtain presentence reports of cooperating witnesses. Therefore, the motion for discovery of presentence reports of cooperating witnesses is denied.

The government says that it does not have and has never had Miller's personnel file. If that file is discovered, the government must provide it to Miller immediately.

The motion in limine asks the Court to order the government not to mention that the superseding indictment alleges a financial loss of $3.5 million. The Court is not aware of any basis for prohibiting the government from reading the superseding indictment to the jury or explaining in opening statement that the government intends to prove that the loss in this case totals $3.5 million. If the government tells the jury in opening statement that the loss was $3.5 million and then proves it, there is no prejudice to either party. On the other hand, if the government tells the jury in opening statement that it will prove that the loss was $3.5 million but then fails to prove it, that failure by the government will adversely affect the government's credibility and will not, in the Court's opinion, unfairly prejudice Miller.

Casey Miller's final motion for discovery is granted in part and denied in part. Document #163. Casey Miller's motion in limine is denied. Document #160.

IT IS SO ORDERED this 18th day of August, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE