**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                    No. 4:04CR00281-02 JLH

BERTRAM CASE "CASEY" MILLER                                              DEFENDANT

**ORDER**

The government has filed a motion in limine to exclude certain impeachment evidence with respect to four witnesses: Johnny Anderson, Robert M. Kelly, David Fleming, and Michael Dorsey. Document #167.  The defense has stated that it will not offer the impeachment evidence that the government sought to exclude with respect to Johnny Anderson and Robert M. Kelly.  Therefore, the government's motion in limine is granted without objection as to the evidence that it seeks to exclude pertaining to those two witnesses.

For reasons stated from the bench, the motion to exclude the evidence pertaining to David Fleming is granted.  There is no basis for asking Mr. Fleming whether he has prior convictions that could be used for impeachment under Fed. R. Evid. 609.  The defense will not be permitted to ask that question or say anything that would suggest that Mr. Fleming has prior convictions.

The motion in limine is denied as to Michael Dorsey.  In 1991, Michael Dorsey was disbarred by the Supreme Court of Louisiana upon recommendation by the disciplinary board of that court. In a detailed, 13-page opinion, a hearing committee of the disciplinary board found Michael Dorsey guilty of misappropriating almost a quarter of a million dollars of client funds.  In a series of transactions, Dorsey deposited a large portion of the misappropriated funds into an account held by him personally, even though the funds were client funds that should have been deposited into the

trust account maintained by the law firm with which Dorsey was affiliated. It is abundantly clear from reading the opinion that Dorsey engaged in a series of dishonest acts that went on for a period of several months.

In the context of this case, where Dorsey has pleaded guilty to a conspiracy to commit fraud in which the overt acts were committed in the 2000 and 2001, the Court believes that the conduct described by the hearing committee of the disciplinary board of the Supreme Court of Louisiana is sufficiently probative of Dorsey's character for truthfulness or untruthfulness that the defendant should be permitted to inquire about that conduct on cross-examination of Dorsey, assuming he testifies. *See* FED. R. EVID. 608(b). However, extrinsic evidence of that conduct will not be permitted.

The government's motion in limine is granted in part and denied in part. Document #167.

IT IS SO ORDERED this 25th day of August, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE